UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RESA JONES, ET AL                              CIVIL ACTION NO. 07-cv-1879

VERSUS                                         JUDGE WALTER

WAL-MART STORES, ET AL                         MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

Resa and Gregory Jones, husband and wife, filed this civil action. They were represented by the same attorneys. The attorneys later filed a motion to withdraw from representation of Mr. Gregory Jones. They stated that the couple had separated and that a potential conflict had arisen. A copy of the motion was served on Mr. Jones at his last known address. The court entered a March 17, 2008 order that granted the motion to withdraw and afforded Mr. Jones 30 days to enroll new counsel. The docket sheet did not clearly reflect whether the Clerk of Court sent notice of that order to Mr. Jones, so the court entered a second order that advised Mr. Jones as follows:

> Mr. Jones is strongly encouraged to retain new counsel if he wishes to pursue his claim. If he does not wish to pursue his claim, he should advise the court in writing that he wishes to dismiss the claim. If Mr. Jones wishes to pursue the claim, he must by May 30, 2008 either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent himself. Failure to take one of those steps prior to May 30, 2008 may result in Mr. Jones's case being dismissed, without further notice, for failure to prosecute.

The docket sheet indicates that a copy of that order was mailed to Mr. Jones at his last known address, the order has not been returned, and Mr. Jones has taken no action despite the passage of the May 30, 2008 deadline.

The court provided ample time for Mr. Jones to secure new counsel or indicate his desire to proceed without counsel. Mr. Jones has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with Mr. Jones' claim would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that all claims asserted by Gregory Jones be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of June, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE